FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    MAR 09 2016    ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ELIYA, INC.,

                     Plaintiff,

      -against-

KOHL'S CORPORATION and DOES 1-10,

                  Defendants.
----------------------------------------------------------X

ORDER
15-CV-2123 (JFB)(GRB)

JOSEPH F. BIANCO, District Judge:

        Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Brown, advising the Court to grant the defendants' motion to dismiss and to grant plaintiff leave to replead. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated February 22, 2016, at 14.) The date for filing any objections has since expired, and plaintiff has not filed any objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, dismisses plaintiff's Lanham Act trade dress claim, declines to exercise jurisdiction over plaintiff's state law claims, and grants leave to replead.

        Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure

to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas,* 474 U.S. at 155)).

Although plaintiff has waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly, IT IS HEREBY ORDERED that defendants' motion to dismiss the Lanham Act trade dress infringement claim is granted; this Court will decline supplemental jurisdiction over the state law claims; and plaintiff is granted leave to amend the complaint.

Plaintiff must file its second amended complaint within thirty (30) days of this Order. Plaintiff is warned that if it fails to file an amended complaint within thirty days, the Court may dismiss this case with prejudice, without further notice, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SO ORDERED

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 9, 2016
        Central Islip, New York